IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER R. KURSAR<br>#17-2345 Cranley Drive<br>Surrey, BC V4A 9G5<br>Canada<br><br>   *Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF THE ARMY<br>The Pentagon<br>Washington, DC 20330-1000<br><br>   *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

### (Privacy Act, 5 U.S.C. § 552a)

#### *Jurisdiction*

1. The Court has jurisdiction under 28 U.S.C. § 1331 and under 5 U.S.C. § 552a(g)(1), which provides for redress in the District Courts based upon violations of the Privacy Act. A damages award is requested for the harm caused by the unlawful and intentional release of information maintained by Defendant.

#### *Venue*

2. Venue is proper under 5 U.S.C. § 552a(g)(5).

#### *Parties*

3. Plaintiff is a dual citizen of the United States and Canada who resides at the address stated in the caption, and who served in the Active Army, Army Reserve, and Army National Guard between approximately August 1981 and May 2005.

4. Defendant is an agency of the United States that maintains records as provided for under the Privacy Act.

### *Statute of Limitations*

5. Under the Privacy Act, suit must be brought within two years of the date on which he action arises. 5 U.S.C. § 552a(g)(5). Plaintiff became aware of the disclosures at issue in this case on or about November 7, 2005, and November 16, 2005, and May 2006. The case is, thus, timely filed.

### *Statutory Framework*

6. As defined in the Privacy Act, "maintain" includes various record keeping functions to which the Act applies: i.e., maintaining, collecting, using, and disseminating.

7. In turn, this connotes control over and responsibility and accountability for systems of records. 5 U.S.C. § 552a(a)(3).

8. Reserve components of the Army include the Army National Guards of the United States respectively. 10 U.S.C. § 10105. The Washington Army National Guard (WA ARNG) is a Reserve component of the Army and is composed of federally recognized units and organizations of the Army.

9. The Department of the Army is required to maintain personnel records on all members of the federally recognized units and organizations of the Army. 10 U.S.C. § 10204.

10. Such records are records within the meaning of the Privacy Act.

11. Such records need not be physically located in the agency for them to be maintained by the agency.

12. Records located at the state level are under the direct control of the Army in that they are

2

maintained by the state under regulations implementing 10 U.S.C. § 10204 and promulgated by authority of the Secretary of the Army under 10 U.S.C. § 10202, and thus are Army records subject to the Privacy Act.

### *The Unlawful and Intentional Release of Information Maintained by the Army in Plaintiff's Case*

13. In or about August 1994, Plaintiff was serving as an officer in the WA ARNG.

14. Sergeant First Class (SFC) Larry Gibson was the readiness noncommissioned officer, administrator and senior records clerk for Plaintiff's WA ARNG unit, and was serving as a full time federal employee (National Guard technician) under the Active Guard and Reserve program.

15. Plaintiff was introduced by SFC Gibson to his stepdaughter Christine Zenker, with whom Plaintiff commenced a romantic relationship.

16. In or about October 1995, Plaintiff became the subject of an informal investigation pursuant to Army Regulation 15-6 (AR 15-6 investigation), based on an incident in which Plaintiff had used his civilian law enforcement officer status as a Drug Enforcement Administration Task Force Agent to access a military dive school.

17. As a result of the AR 15-6 investigation, Plaintiff was separated from the WA ARNG with a general discharge under honorable conditions after choosing to resign in lieu of appearing before a board of officers who would decide if he should be separated for conduct unbecoming an officer.

18. In approximately late 2001 or early 2002, Plaintiff filed suit against Ms. Zenker over a mutual building project; after Ms. Zenker filed bankruptcy, Plaintiff obtained a judgment against her in an adversarial bankruptcy proceeding.

19. On November 7, 2005, Plaintiff testified for another of Ms. Zenker's debtors in an adversarial proceeding against her, Case No. 04-19279, in U.S. Bankruptcy Court for the Western District of Washington, Seattle.

20. During his testimony, Plaintiff was presented with military documents by Ms. Zenker's attorney Mr. Steve Hathaway in an attempt to impeach his testimony, including a memorandum signed by Plaintiff relating to his resignation from the WA ARNG and reports of unfavorable information regarding his security clearance. Upon information and belief, the subject documents had been retrieved from Plaintiff's OMPF.

21. Ms. Zenker stated under oath that her stepfather SFC Gibson gave her the subject documents.

22. On or about November 16, 2005, Plaintiff communicated with his attorney in Canada, Mr. Thomas Harding, who represented him in an insurance claim dispute. Mr. Harding advised that Plaintiff's former foreign, private insurance company had come into possession of approximately 266 pages of confidential military documents relating to Plaintiff, including the AR 15-6 investigation and other documents from his OMPF, and that insurer had obtained the confidential documents from the WA ARNG. Plaintiff had signed no release or authorization for such documents.

23. In or around February 2006, Plaintiff applied for a position with a private civilian employer; he was offered employment conditioned on his ability to pass a background suitability investigation. Plaintiff was not required to, nor did he, sign any release authorization permitting disclosure of any records pertaining to him.

24. Upon information and belief in or about February 2006, the employer, through the use of

an investigator, initiated a background review of Plaintiff. The investigator made telephone inquiries to the WA ARNG offices at Camp Murray, Washington, and was referred to and spoke with a WA ARNG official who was described to the investigator as the former full time records clerk of Plaintiff's unit with direct knowledge of Plaintiff's service and performance.

25. Upon information and belief, the WA ARNG official falsely and intentionally verbally disclosed that Plaintiff had fraudulently enlisted into the California Army National Guard (CA ARNG) and was subsequently discharged for fraudulent and criminal conduct.

26. Upon information and belief, this WA ARNG official admitted that he was not supposed to release any records, but since Plaintiff was so unsuitable for employment that the official would confidentially release some records to the investigator for followup. The investigator subsequently received copies of numerous pages of Plaintiff's confidential OMPF records.

27. Upon information and belief, the investigator then contacted an official at Human Resources Command (HRC), St. Louis, Missouri, who confirmed that Plaintiff's CA ARNG orders were legitimate documents and were located on Plaintiff's microfiche at HRC. Upon being advised that Plaintiff had not signed an authorization for release of his information, the HRC official stated that he could not legally provide a copy of the microfiche documents but confirmed telephonically that the purported CA ARNG documents in the investigator's possession were in fact accurate.

28. On or about May 2006, Plaintiff was informed by the employer that, based on the defamatory, inaccurate and false information improperly disclosed without his consent from a system of records maintained by Defendant and despite Plaintiff's attempts to explain the inconsistencies and inaccuracies contained in that information, the employer had determined that Plaintiff was unsuitable and had decided to rescind its conditional offer of employment and to terminate Plaintiff's

employment.

29. Upon information and belief, prior to disseminating information and records concerning Plaintiff, Defendant failed to make reasonable efforts to ensure that the information and records were accurate, complete, timely and relevant for agency purposes in violation of 5 U.S C. § 552a(e)(6). The information and records that were disseminated to unauthorized individuals, including but not limited to those relating to Plaintiff's discharge from the CA ARNG, were false, inaccurate, incomplete, defamatory, and untimely.

30. Upon information and belief, Defendant has collected and maintained military, personnel, security, Drug Enforcement Administration, and Whatcom County Sheriff office files, as well as personal and other government records pertaining to Plaintiff.

31. Upon information and belief, Defendant, through its agents including but not limited to SFC Gibson and officials at WA ARNG and HRC, St. Louis, intentionally disclosed and released the contents of confidential records pertaining to Plaintiff, in contravention of its own internal policies, and in violation of 5 U.S.C. § 552a . The unlawful disclosures and releases are ongoing.

32. Plaintiff's confidential information released by Defendant included, but is not limited to, information and documents relating to Plaintiff's military service and investigation; military and civilian education; social security number; inaccurate and defamatory hearsay information regarding Plaintiff's military records; inaccurate and defamatory information surrounding the internal investigation by his law enforcement employer, the Whatcom County Sheriff's office, of the incident that was the subject of the AR 15-6 investigation; details of confidential undercover operations in which Plaintiff was involved against an international organized crime group; classified military courses and training that Plaintiff attended; confidential overseas military operations in which

Plaintiff participated; confidential and classified records of Plaintiff's military security clearances.

33. Upon information and belief, the lives of Plaintiff and his family could possibly be in jeopardy due to the disclosure of highly confidential information regarding his involvement in undercover and other activities.

34. Upon information and belief, Defendant, through its agents, intentionally or willfully disclosed and released the contents of confidential records pertaining to Plaintiff, without contacting Plaintiff or making reasonable efforts to assure that the information contained within the records were "accurate, complete, timely, and relevant for agency purposes," in violation of 5U.S.C. § 552a(e)(6).

35. Upon information and belief, Defendant, through its agents, violated 5 U.S.C. § 552a(e)(9) by intentionally or willfully failing to establish and implement rules of conduct for persons involved in the design, development, operation or maintenance of any system of records, or in maintaining any record, and Defendant has failed to instruct each person with respect to such rules and the penalties for non-compliance.

36. Upon information and belief, Defendant, through its agents, violated 5 U.S.C. § 552a(e)(10) by intentionally or willfully failing to establish appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

37. Plaintiff has suffered both economic and non-economic damages due to the unlawful and intentional disclosure of this confidential information.

## *Legal Claims*

### Count I

**The actions of the WA ARNG violated the Privacy Act.**

38. The averments of the preceding paragraphs are incorporated herein.

39. The WA ARNG, acting for Defendant, maintained records within the meaning of the Privacy Act regarding Plaintiff.

40. The WA ARNG, acting for Defendant, intentionally or willfully disclosed and released the contents of confidential records pertaining to Plaintiff, without making any reasonable efforts to assure that the information contained within the records were "accurate, complete, timely, and relevant for agency purposes," in violation of 5U.S.C. § 552a(e)(6).

41. The WA ARNG, acting for Defendant, violated 5 U.S.C. § 552a(e)(9) by intentionally or willfully failing to establish and implement rules of conduct for persons involved in the design, development, operation or maintenance of any system of records, or in maintaining any record, and Defendant has failed to instruct each person with respect to such rules and the penalties for non-compliance.

42. The WA ARNG, acting for Defendant, violated 5 U.S.C. § 552a(e)(10) by intentionally or willfully failing to establish appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

43. Agents for the WA ARNG, acting for Defendant, intentionally and unlawfully disseminated specific information covered under the Privacy Act to individuals who had no need to

know this information.

44. The intentional and unlawful dissemination of this information caused Plaintiff pecuniary loss and physical and mental injury and suffering.

45. Defendant is liable to Plaintiff for this unlawful and intentional disclosure as provided for under the Privacy Act.

## Count II

### The actions of HRC, St. Louis violated the Privacy Act.

46. The averments of the preceding paragraphs are incorporated herein.

47. HRC, St. Louis, acting for Defendant, maintained records within the meaning of the Privacy Act regarding Plaintiff.

48. HRC, acting for Defendant, intentionally or willfully disclosed and released the contents of confidential records pertaining to Plaintiff, without making any reasonable efforts to assure that the information contained within the records were "accurate, complete, timely, and relevant for agency purposes," in violation of 5U.S.C. § 552a(e)(6).

49. HRC, St. Louis, acting for Defendant, violated 5 U.S.C. § 552a(e)(9) by intentionally or willfully failing to establish and implement rules of conduct for persons involved in the design, development, operation or maintenance of any system of records, or in maintaining any record, and Defendant has failed to instruct each person with respect to such rules and the penalties for non-compliance.

50. HRC, St. Louis, acting for Defendant, violated 5 U.S.C. § 552a(e)(10) by intentionally or willfully failing to establish appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to

their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

51. Agents for HRC, St. Louis, acting for Defendant, intentionally and unlawfully disseminated specific information covered under the Privacy Act to individuals who had no need to know this information.

52. The intentional and unlawful dissemination of this information caused Plaintiff pecuniary loss and physical and mental injury and suffering.

53. Defendant is liable to Plaintiff for this unlawful and intentional disclosure as provided for under the Privacy Act.

## *Prayer for Relief*

WHEREFORE, Plaintiff prays that judgment be entered:

(a) awarding him monetary damages for the unlawful release of his records which caused him severe injury;

(b) ordering Defendant to expunge all records or information maintained by Defendant regarding Plaintiff that is inaccurate and/or derogatory, pursuant to 5 U.S.C. § 552a(g)(2)(A);

(c) referring those individual agents of Defendant responsible for violating the Privacy Act for prosecution, pursuant to 5 U.S.C. § 552a (i)(1);

(d) awarding reasonable attorney's fees and costs of this action in accordance with the Privacy Act, including but not limited to 5 U.S.C. § 552a(g)(2)(B) and 5 U.S.C. § 552a(g)(3)(B); and

(e) ordering such other and further relief as may, in the circumstances, be just and proper.

Respectfully submitted,

David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
512 8th Street, S.E.
Washington, DC 20003
Tel: 202.546.9575
Fax: 202.546.0135

*Attorney for Plaintiff*

## VERIFICATION

I, Alexander R. Kursar, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Verified Complaint, and that the information stated therein as factual is true, and those factual matters which are stated upon information and belief are believed to be true.

Executed on this 6th day of November, 2007.

*[signature]*

Alexander R. Kursar

℥JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alexander R. Kursar

## DEFENDANTS
Department of the Army

**(b)** County of Residence of First Listed Plaintiff  N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David P. Sheldon, Law Offices of David P. Sheldon, P.L.L.C.
512 8th Street SE, Washington, DC 20003, 202-546-9575

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Privacy Act Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  11-6-07
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____