UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER R. KURSAR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 07-2005 (EGS) |
| ) | (ECF) |
| DEPARTMENT OF THE ARMY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT REPORT PURSUANT TO RULE 16.3**

Pursuant to LCvR 16.3, the parties hereby report to the Court that counsel for the parties conferred by telephone, on April 22, 2008. As a consequence of this conference, the parties, by and through undersigned counsel, hereby report to the Court as follows:

**(1)    Dispositive Motions.**

The parties agree that all or part of this case may be resolved by dispositive motion after discovery is completed. The parties do not believe that discovery should be stayed for dispositive motions.

**(2)    a. Deadline for Joining Additional Parties or Amending Pleadings.** Neither party anticipates joining additional parties or amending their pleadings, but agree to do so within 90 days from the date of the Initial Scheduling Conference, if needed. Plaintiff and Defendant believe that the legal or factual issues cannot be narrowed at this time.

**b. Agreement as to Factual and Legal Issues:** This is an action brought under the Privacy Act, 5 U.S.C. § 552a, for damages in connection with Defendant's alleged unauthorized dissemination of information which was maintained by the Defendant.

1

**(3)** **Assignment to Magistrate Judge.** Plaintiff does not consent to assignment to a Magistrate Judge. Defendant does not agree to have this case referred to a Magistrate Judge for all purposes at this time.

**(4)** **Prospects of Settlement.** The parties are engaged in settlement discussions, however, discovery should not be stayed in any event.

**(5)** **Alternate Dispute Resolution (ADR).** The parties do not believe that ADR would be effective at this juncture.

**(6)** **Resolution by Summary Judgment.** At this point, Plaintiff may file a Motion for Summary Judgment, however, both parties agree that discovery must be undertaken to resolve certain factual issues. The parties agree that any motions for summary judgment will be filed within 30 days after the close of discovery; that oppositions or cross-motions be filed 30 days thereafter, and any replies be filed 20 days after the filing of the oppositions or cross-motions.

**(7)** **Initial Disclosures.** The parties agree that Initial Disclosures should be made by June 30, 2008.

**(8)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for completion of all discovery.** The parties request six months to complete discovery. The parties agree that each party should be limited to ten depositions and twenty five each of interrogatories, requests for production of documents and requests for admissions. The parties also state that a Privacy Act protective order will be necessary due to the nature of documents that may be sought in discovery.

<u>Electronically Stored Information</u>:

A) All discovery requests for electronically stored information ("ESI") will be limited to production requests, not inspection requests.

B) Requests for ESI will be limited to ESI created during the time period from one month prior to Plaintiff's employment to one month following her employment, i.e., July 9, 2004 to June 20, 2005.

C) In accordance with Rule 26(b)(2)(B), parties will produce legally discoverable ESI requested that the producing party determines is reasonably accessible. A party need not provide discovery of ESI from sources that the party identifies as not reasonably accessible because of undue burden or cost. The responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information from the identified sources.

D) Responses to requests for production of ESI in native file format need not include metadata or system data.

E) The parties agree to enter into a stipulated protective order pursuant to Rule 26(c) with regard to any ESI that contains Privacy Act protected data, personal or private information about present or past employees, business-sensitive information about a party's business activities and operations, and third-party business sensitive or proprietary information to include confidential business information covered by 12 C.F.R. § 404.7.

F) All ESI sought by any party is subject to the rules on discovery scope and limitations provided in Rule 26(b).

G) In accordance with Rule 26(b)(5)(B), if information is produced in discovery that is subject to a claim of privilege by any party, the party making the claim must notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return the specified information and any copies it has and may not use or disclose the information. Failure of a party to properly designate privileged, Privacy Act, private or personal information, privileged information or business confidential, business sensitive or business proprietary information when produced shall not be deemed to constitute a waiver of the protected nature of the document or information. Both parties agree that no copies will be made of the inadvertently disclosed materials.

**(9)    Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and**

**when depositions of experts should occur.** The parties do not believe the requirements of Fed. R. Civ. P. 26(a)(2), should be modified.

    **(10)**    **Class Action Procedures.** Not applicable.

    **(11)**    **Bifurcation of Trial and/or Discovery.** Neither discovery nor trial should be bifurcated.

    **(12)**    **Date for Pretrial Conference.** The parties request that the Court set a pretrial conference date 30 days after dispositive motions have been ruled upon.

    **(13)**    **Trial Date.** The parties request that a trial date be set at the pretrial conference.

    **(14)**    **Other Matters.** None.

                  Respectfully submitted,

_/s/with authorization_____          _____/s/_____
DAVID P. SHELDON, ESQ.          JEFFREY A. TAYLOR
D.C. Bar # 446039                     D.C. Bar # 488610
512 8th Street, S.E.                       United States Attorney
Washington, D.C. 20012

                                               _____/s/_____
*Attorney for Plaintiff*                     RUDOLPH CONTRERAS
                                               D.C. Bar # 434122
                                               Assistant United States Attorney

                                               _____/s/_____
                                               BRIAN C. BALDRATE
                                               Special Assistant U.S. Attorney
                                               555 Fourth Street, N.W.
                                               Washington, D.C. 20530
                                               (202) 305-9895

April 30, 2008                             *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEXANDER R. KURSAR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| 5. ) | |
| ) | Civil Action No. 07-2005 (EGS) |
| ) | (ECF) |
| **DEPARTMENT OF THE ARMY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## SCHEDULING ORDER

UPON CONSIDERATION of the parties' Report Pursuant to Rule 16.3 it is hereby this

_____, day of February, 2008 ORDERED

1. That the parties have not agreed to dispense with initial disclosures;

2. That the deadline for joining additional parties or amending the pleadings shall be 90 days from the date of the Initial Scheduling Conference;

3. That the deadline for proponent's Rule 26(a)(2) expert report shall be, June 1, 2008;

4. That the deadline for opponent's expert reports shall be in accordance with Rule 26(a)(2);

5. That each party shall be limited to ten depositions and twenty five each of interrogatories, requests for production of documents and requests for admissions;

6. That the close of discovery shall be six months from the date of the initial Scheduling Conference;

7. That dispositive motions shall be due thirty days after the close of discovery; oppositions and cross motions shall be due no later thirty days thereafter, and any relies be filed

20 days after the filing of the oppositions or cross-motions.

      9.      That a pretrial conference will be held approximately 30 days after dispositive motions are ruled upon and a trial date will then be scheduled.

                                         EMMET G. SULLIVAN
                                         UNITED STATES DISTRICT JUDGE

Copies to counsel of record via the Court's ECF system.